904 July 29, 2026 No. 731

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. S.,
*Appellant.*

Multnomah County Circuit Court
25CC05219; A188798

Kami J. White, Judge.

Submitted May 19, 2026.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Vacated and remanded for entry of judgment containing notice required by ORS 426.130(4).

## PER CURIAM

Appellant appeals from a judgment of civil commitment. The trial court ruled after a hearing that appellant was a danger to others and a danger to self as the result of a mental disorder and committed her to the custody of the Oregon Health Authority for a period up to 180 days. Appellant raises a single assignment of error, arguing that the trial court erred when it did not provide the notification required by ORS 426.130(4).[1] Appellant's assignment of error is conclusively resolved by our decision in *State v. G. J.*, 351 Or App 834, ___ P3d ___ (2026), also decided today.

We hold that the trial court erred in failing to give appellant the complete notice required by ORS 426.130(4) after it ordered her committed. *Id.* at 836-37. We therefore vacate the general judgment and remand to the trial court with instructions to enter a judgment that includes a notice to appellant that appellant "is prohibited from purchasing or possessing a firearm under state and federal law unless [she] obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law." *See State v. G. C.-M.*, 350 Or App 404, 409, ___ P3d ___ (2026) (vacating and remanding for entry of a new judgment when a trial court erred in failing to give appellant the statutorily required notice under ORS 426.130(4)).

Vacated and remanded for entry of judgment containing notice required by ORS 426.130(4).

---

[1] Appellant was committed under the 2025 version of the statutes. The statutory provisions discussed in this opinion—that is, ORS 426.100(1)(c), ORS 426.130(4), and ORS 426.130(1)(a)(D)—have since been renumbered. Or Laws 2025, ch 559, § 66. All references herein are to the version of the statutes under which appellant was committed. ORS 426.130(4) is now numbered ORS 426.130(5) in the 2026 version of the statute.